UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

RICHARD DELEON,

    Plaintiff,

v.                                                                                            CASE NO.:

BIG LOTS STORES, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RICHARD DELEON ("DELEON"), by and through the undersigned counsel, hereby sues Defendant, BIG LOTS STORES, INC. ("BIG LOTS"), pursuant to 29 U.S.C. §215, the Fair Labor Standards Act (the "FLSA"), and states as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, because this action involves a Federal Statute, 29 U.S.C. §215.

2. This Court has personal jurisdiction over this action, because the Defendant, BIG LOTS, regularly conducts business in Miami, Miami-Dade County, Florida.

3. Venue is proper with this Court pursuant to 29 U.S.C. § 216(b).

### GENERAL ALLEGATIONS

4. DELEON has been employed with BIG LOTS for approximately ten years as anassistant manager.

5. During the course of his employment with BIG LOTS, DELEON regularly worked in excess of 60 hours per week.

1

6. During the course of his employment as an assistant manager with BIG LOTS, DELEON did not receive overtime pay as BIG LOTS claimed he was an exempt employee.

7. DELEON complained to his District Manager as well as to his Store Manager at BIG LOTS regarding his right to compensation for unpaid overtime wages.

8. On or about October 29, 2010 DELEON notified Human Resources at BIG LOTS that he would be joining a pending collective action suit against BIG LOTS, seeking unpaid overtime wages owed to him.

9. DELEON also notified his District Manager at BIG LOTS that he would be opting in to the collective action suit against BIG LOTS, seeking unpaid overtime wages owed to him.

10. DELEON had a right to pursue legal action in an effort to collect overtime wages owed to him under the FLSA.

11. On or about March 31, 2011, BIG LOTS retaliated against DELEON by giving him a poor annual store management appraisal as a result of DELEON pursuing his rights under the FLSA.

12. On or about September 22, 2011, BIG LOTS retaliated against DeLeon by giving him a poor mid-year store management appraisal as a result of DELEON pursuing his wages under the FLSA.

### COUNT I AGAINST BIG LOTS
### Retaliation in Violation of FLSA §215

13. Plaintiff repeats and adopts each and every allegation of Paragraphs 4 through 12 as if fully set forth herein at length.

14. During the course of his employment, DELEON discovered that BIG LOTS was failing to pay him for hours he worked that included both regular hourly wages and overtime

wages.

15. DELEON complained to superiors regarding the failure of BIG LOTS properly pay him overtime wages to his District Manager and to his Store Manager, objecting to such improper actions.

16. DELEON opted in to a pending collective action against BIG LOTS, seeking unpaid overtime wages owed to him.

17. DELEON's pursuit of his rights under the FLSA and participating in the collective action is protected conduct under §215 of the FLSA.

18. BIG LOTS retaliated against DELEON for opting in and pursuing his wages in violation of §215 of the FLSA.

19. The unlawful employment practices complained of herein and the actions of BIG LOTS and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to DELEON's rights and/or well-being.

20. As a direct and proximate result of the unlawful retaliation, DELEON suffered severe stress and anxiety, was forced to take a leave of absence, and sought out medical treatment.

21. As a direct, proximate, and foreseeable result of BIG LOTS's and its agents' actions, DELEON has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment and other non pecuniary losses and intangible injuries.

22. The actions of BIG LOTS and its agents make reinstatement ineffective as a make-whole remedy, entitling DELEON to front pay in lieu of reinstatement.

**WHEREFORE**, Plaintiff, Richard DeLeon, demands judgment as follows:

A. That the Court enjoin BIG LOTS from continuing its unlawful employment practices;

B. That damages be assessed against BIG LOTS for compensatory and emotional stress suffered as a result of the wrongful acts;

C. Prejudgment interest and back pay;

D. That BIG LOTS be ordered to pay to the Plaintiff all reasonable attorneys' fees pursuant to Fla. Stat. §448.104 plus costs of suit;

E. That BIG LOTS be ordered to pay front pay.

F. That the Court grant Plaintiff such other relief as may be just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, RICHARD DeLEON, demands a trial by jury on all issues so triable.

DATED: this 20th day of October, 2011.

FELDMAN, FOX & MORGADO, P.A.

_____
MITCHELL L. FELDMAN, ESQ.
Florida Bar No. 0080349
FELDMAN, FOX & MORGADO, P.A.
2701 N. Rocky Point Dr., Suite 1000
Tampa, FL 33607
Phone: (813) 639-9366
Fax: (813) 639-9376
mfeldman@ffmlawgroup.com
*Attorney for Plaintiff*