## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement"), is entered into between Big Lots Stores, Inc., on behalf of itself, its officers, directors, shareholders, employees and agents (in their individual and representative capacities), and its parent, affiliated, predecessor, successor, subsidiary and other related entities, and its insurers and each of them, jointly and severally (herein singularly and collectively called the "**Company**"), and Richard DeLeon and Yvonne DeLeon, on behalf of themselves, their heirs, executors, guardians, administrators, successors and assigns, and each of them, jointly and severally (herein "**Richard DeLeon**" or "**Yvonne DeLeon**"), who agree to be bound by all of the terms and conditions hereof.

WHEREAS, Richard DeLeon filed a lawsuit against the Company in the United States District Court for the Southern District of Florida, Miami Division captioned, *Richard DeLeon v. Big Lots Stores, Inc.*, Case Number: 1:11-cv-23879,

WHEREAS, Yvonne DeLeon is the spouse of Richard DeLeon, who may have claims which could have been, but were not asserted in the lawsuit,

WHEREAS, the Company, Richard DeLeon and Yvonne DeLeon (herein collectively called the "**Parties**") desire to fully and completely resolve, settle and dispose of any and all disputes or claims of whatever kind or nature that Richard and Yvonne DeLeon ever had or may now have against the Company, whether known or unknown, with respect to any and all matters between the Parties and the Company,

NOW THEREFORE, the Parties acknowledge and voluntarily agree as follows:

1. **EMPLOYMENT.** Richard DeLeon's employment with the Company is terminated effective May 1, 2012.

2. **SETTLEMENT PAYMENT.** The Company agrees to pay the Parties settlement pay (inclusive of attorneys' fees) in the amount of nine thousand five hundred dollars ($9,500.00), less any applicable federal, social security, state and local tax withholdings and other lawful deductions. The settlement pay will be paid to the Parties fifteen (15) business days following court approval of the Settlement Agreement entered into in *Schenburn, et al. v. Big Lots Stores, Inc.*, or the expiration of the time period set forth in Paragraph 21 below, whichever is later. Big Lots will issue three checks. One check shall be for alleged lost wages in the gross amount of two thousand dollars ($2,000.00). The second check shall be for alleged compensatory damages in the amount of three thousand seven hundred dollars ($3,700.00). The third check shall be for alleged attorneys' fees and will be made payable to Feldman, Fox & Morgado in the amount of three thousand eight hundred dollars ($3,800.00).

4094491.4

3.  **ADDITIONAL CONDITIONS ON SETTLEMENT PAYMENT.** The Parties agree and acknowledge that all sums payable under Paragraph 2 above are conditioned upon Richard DeLeon's execution of the Release attached as an Exhibit to the Settlement Agreement being contemporaneously executed in the case captioned Angela Schenburn, et al. v. Big Lots Stores Inc., Case No. 2:11-cv-00098. As that Settlement Agreement is subject to approval by the United States District Court for the Middle District of Florida, Fort Myers Division, the terms and conditions of this Agreement shall be deemed void and unenforceable in the event that approval is not granted by the Court in Case No. 2:11-cv-00098.

4.  **HEALTH INSURANCE PREMIUMS.** Richard DeLeon acknowledges receipt of notice of his right to elect continued health care coverage in accordance with the provisions of the federal Consolidated Omnibus Budget and Reconciliation Act, as amended ("COBRA"). If Richard DeLeon wishes to continue such coverage for the applicable COBRA period, he must do so at his own expense.

5.  **REFERENCE LETTER.** The Company agrees to provide Richard DeLeon with a neutral letter of reference that states positions held, duties performed and dates employed. The contents of this neutral letter of reference are set forth on Exhibit A.

6.  **UNEMPLOYMENT BENEFITS.** The Company agrees not to contest or oppose any claim for unemployment benefits that Richard DeLeon may file as a result of his separation from the Company. The granting or denial of unemployment benefits or the amount paid to Richard DeLeon by any state agency will not affect the validity of the terms and provisions of this Agreement.

7.  **RELEASE OF CLAIMS.** In consideration of the mutual agreement and covenants set forth herein, the sufficiency of which is hereby acknowledged, Richard DeLeon agrees to completely and irrevocably waive, discharge and release the Company from any and all claims, charges, demands, suits, complaints, grievances, causes of action and/or liability whatsoever ("Claims") involving any matter arising out of or in any way related, directly or indirectly, to his employment with the Company, his compensation and/or the termination thereof, or with respect to any other transaction, event or occurrence pre-dating the date of this Agreement, whether now known or unknown, including, but not limited to, violations of the Fair Labor Standards Act and any applicable Florida law or regulation concerning payment of wages or overtime, any claim of breach of contract, wrongful discharge, intentional infliction of emotional distress, retaliation and/or employment discrimination, whether in tort or in contract, any employment intentional tort or violations of specific safety requirements (V.S.S.R.), any statutory or common law claim for attorneys' fees, any claim for interest on the amounts due hereunder, or any other claim under present or future federal, state or local statute or law, including, but not limited to, the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101, *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*; the Age Discrimination in Employment Act, 29


DeLeon
Company

4094491.4

U.S.C. §621, *et seq.* ("ADEA"); the Civil Rights Act of 1866, 42 U.S.C. §1981; the Civil Rights Act of 1991, P.L. 102-166; the Americans With Disabilities Act, 42 U.S.C. §12101, *et seq.*; the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.*; the Equal Pay Act, 29 U.S.C. §206(d); the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq.*; the Occupational Safety and Health Act of 1970, 29 U.S.C. §553, *et seq.*; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.*; the Consolidated Omnibus Budget Reconciliation Act of 1986, 29 U.S.C. §1161, *et seq.*; the National Labor Relations Act, 29 U.S.C. §151, *et seq.*; and any statutory amendments, and Florida laws prohibiting discrimination or retaliation.

8.  **CONTEMPORANEOUS SETTLEMENT OF SCHENBURN LITIGATION.** Richard DeLeon acknowledges that he is also a member of a purported class of Plaintiffs who have executed consents to participate in a lawsuit captioned *Angela Schenburn, et al. v. Big Lots, Inc.*, Case No.: 2:11-cv-0098. Richard DeLeon further understands that all claims that he purported to assert in that action are being settled as part of a separate Settlement Agreement which is being executed contemporaneous with this Agreement. Further, as a material inducement for the Company's agreement to resolve all of Richard DeLeon's claims of any description, he agrees to execute the Release which is attached as Exhibit B to the Settlement Agreement entered into in the Schenburn litigation. If Richard DeLeon fails to execute the Schenburn Release, this Agreement shall be deemed null and void.

9.  **RELEASE OF YVONNE DELEON'S CLAIMS.** In consideration of the mutual agreement and covenants set forth herein, the sufficiency of which is hereby acknowledged, Yvonne DeLeon agrees to completely and irrevocably waive, discharge and release the company from any claim that she might have asserted in this Lawsuit, including but not limited to a claim for loss of consortium.

10. **REINSTATEMENT/REEMPLOYMENT.** Richard DeLeon waives any and all rights to reinstatement and/or reemployment with the Company. The Company shall have no obligation to consider any such application or request for reinstatement or reemployment and, pursuant to this Agreement, may terminate any such request for reinstatement or reemployment without liability to Richard DeLeon.

11. **NO CONTACT OR COMMUNICATION.** Richard DeLeon acknowledges and agrees that, upon execution of this Agreement, and the Company's compliance with its payment and other obligations hereunder, there shall be no further contact or communication of any kind between Richard DeLeon and the Company. Accordingly, Richard DeLeon agrees that he shall not directly, nor cause any other person to, e-mail, correspond, telephone, text, fax or attempt to communicate with the Company for any purpose. If he requires any information concerning any aspect of this Agreement, he shall direct such inquiries to his counsel, who is excepted from the restrictions contained in this provision. Further, Richard DeLeon shall not visit any Company


DeLeon

Company

4094491.4

store for any purpose, whether commercial or personal, and shall maintain a distance of at least one hundred (100) yards from any Company location. Richard DeLeon understands that this provision is a material inducement for the Company's agreement to settle his claims, and that any violation of this provision may cause the Company to seek a restraining order from an authorized Court preventing any additional communication or contact by Richard DeLeon. Therefore, Richard DeLeon agrees that the Company is entitled to equitable relief in the event of his violation of this provision and further agrees that he shall indemnify the Company for any fees or expenses incurred in connection with enforcement of this provision.

12.  **OTHER BENEFITS.** Richard DeLeon waives any and all rights to any Company vacation, paid time off, sick leave or other benefit plan which he ever had, may now have or may hereafter have, whether known or unknown to Richard DeLeon as of the date of this Agreement, with the exception of those described in this Agreement.

13.  **COVENANT NOT TO SUE.** Richard and Yvonne DeLeon represent that they will not commence, maintain or file any Claim against the Company, including, but not limited to, a Claim with an administrative agency or a lawsuit in any federal, state or local court, with respect to any matter arising out of or in any way related, directly or indirectly, to Richard DeLeon's employment with the Company, his compensation and/or the termination thereof, or with respect to any other transaction, event or occurrence pre-dating the date of this Agreement, whether now known or unknown to Richard DeLeon, with the exception of any Claim that applicable law precludes him from waiving or otherwise giving up his right to file a charge and any claim that the Company breached its commitments under this Agreement. Richard and Yvonne DeLeon further agree that if either one of them does file such a Claim with any administrative agency or court, they will not oppose any motion to dismiss filed by the Company based upon the release contained in this Agreement.

14.  **DISMISSAL OF SUITS.** Richard DeLeon agrees to immediately dismiss or cause to be dismissed with prejudice any and all pending Claims against the Company with any federal, state or local governmental agency, or in any court, including, but not limited to, the pending action *Richard DeLeon v. Big Lots Stores, Inc.*, United States District Court for the Southern District of Florida, Miami Division, Case Number 1:11-cv-23879. He further agrees to execute the release attached as Exhibit B to the Schenburn Settlement Agreement.

15.  **UNKNOWN CLAIMS.** Richard DeLeon intends that this Agreement is final and complete and therefore shall bar each and every Claim specified herein, whether known or unknown to him at the time of execution of this Agreement. As a result, Richard DeLeon acknowledges that he might later discover pre-existing claims or facts in addition to or different from those which he now knows or believes to exist with respect to the subject matters of this Agreement and which, if known or suspected at the time of executing this Agreement, may have materially affected this Agreement. Nevertheless, Richard DeLeon hereby waives any Claim


DeLeon
Company

4094491.4

that might arise as a result of such different or additional claims or facts.

16. **NO DISPARAGEMENT.** Richard and Yvonne DeLeon agree that they will not defame or disparage the Company or the Company's business, products, officers or employees.

17. **NO VIOLATION OF LAW OR CONTRACT.** By entering into this Agreement, the Company does not admit to the breach of any contractual or other promises to Richard or Yvonne DeLeon, and does not admit to the violation of any federal, state, local or other statute or law, including, but not limited to, those laws referred to in this Agreement, and any claimed breaches or violations are hereby specifically denied.

18. **NON-DISCLOSURE OF AGREEMENT.** Richard and Yvonne DeLeon agree that they will not reveal the existence of this Agreement, nor any terms thereof (including the *fact* of payment and the *amount* of payment), to any person, entity, or organization, except to their tax advisor, attorney, spouse, accountant or the Internal Revenue Service and similar state or local taxing authorities if necessary in connection with the filing, amendment or audit of their federal, state or local income tax return, or pursuant to a valid order or subpoena issued by a governmental entity such as the Internal Revenue Service or any state department of unemployment compensation or taxation. Any such disclosure of the aforementioned information shall be made only upon admonishing the person or entity to whom such information is disclosed about the confidential nature of the information.

19. **TAX LIABILITY.** All payments made hereunder will be reported to the Internal Revenue Service. By entering into this Agreement, the Company expresses no opinion concerning the allocation or the taxability of these payments. Richard and Yvonne DeLeon acknowledge that to the extent that they incur any additional tax liability as a result of the amounts paid to them hereunder, such liability is their sole responsibility; and they shall pay taxes, interest or penalties due and payable. Richard and Yvonne DeLeon further agree to indemnify and hold the Company harmless from any liability for tax payments, withholding, penalties, interest and additions to tax which may be assessed on account of the payments hereunder. Richard and Yvonne DeLeon are hereby advised to seek professional tax advice regarding any tax liability they may accrue as a result of the payments hereunder.

20. **BREACH OF AGREEMENT.** In the event that Richard or Yvonne DeLeon, or any person or entity of rights acting on behalf of them, breach any of his promises made in this Agreement, and the Company defends or pursues any charge, suit, complaint, claim or grievance as a result thereof, Richard and Yvonne DeLeon shall be liable to the Company for all damages, attorneys' fees, expenses and costs (including discovery costs) incurred by it in defending or pursuing the same. This provision does not apply to any alleged breach by Richard DeLeon challenging the validity of a waiver under the ADEA.


DeLeon
Company

21. **SEVERABILITY AND SAVINGS.** In the event that any provision of this Agreement is found, by any court or governmental agency, to be unlawful or unenforceable, the Company has the right to require the Parties to continue complying with the remaining provisions of this Agreement or to declare the Agreement void. In the event that the Company declares this Agreement to be void, no party hereto shall have any rights or obligations hereunder.

22. **NOTIFICATION OF RIGHTS UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA").** Richard DeLeon is hereby notified and acknowledges as follows: (a) he has the opportunity to review and consider the terms of this Agreement for a period of twenty-one (21) days, although he may accept the terms of this Agreement at any time prior to the expiration of the twenty-one (21) day period; (b) he understands that he has the right to obtain his own legal counsel regarding his rights, obligations and liabilities hereunder before he signs this Agreement, and is hereby advised by the Company to obtain counsel; (c) Richard DeLeon is not waiving any rights he has against the Company that may arise from future occurrences; (d) this Agreement is entered into knowingly and voluntarily by Richard DeLeon, and that the benefits and monetary compensation that he will receive under this Agreement are made without any pre-existing obligation by the Company and are additional and in excess to any benefit or amount that Richard DeLeon may be entitled to; and (e) the terms of this Agreement become legally binding, effective and irrevocable seven (7) days after the date this Agreement is signed by Richard DeLeon, unless within such seven (7) days, Richard DeLeon provides written notice to the Company of such revocation.

\*\*\*\*

**SIGNATURES ON FOLLOWING PAGE**

_RD_
DeLeon
_CR_
Company

4094491.4

Wherefore, DeLeon acknowledges that he has read and understands this Agreement and that by signing this agreement, he is voluntarily waiving legal rights against the Company.

**BIG LOTS STORES, INC.**

By: _____
Signature

Print Name: _____

Title: _____

Dated: 7/23/2012

**RICHARD DELEON**

_____
Signature

Dated: 07/02/2012

**YVONNE DELEON**

_____
Signature

Dated: 07/02/2012

**REVIEWED and APPROVED**
**Counsel for Richard and Yvonne DeLeon**

By: _____
Signature

Print Name: Benjamin Williams

Dated: 7/20/2012

As to the signature for Mr. DeLeon:

Sworn to and subscribed before me, this 2nd day of July, 2012.

Notary Public State of Florida
N Irizar
My Commission EE106427
Expires 09/23/2015

_____
Notary Public

As to the signature for Mrs. DeLeon:

Sworn to and subscribed before me, this 2 day of July, 2012.

_____
Notary Public

Notary Public State of Florida
N Irizar
My Commission EE106427
Expires 09/23/2015

RD DeLeon
Company